# UNITED STATES DISTRICT COURT
## for the
### Southern District of Illinois

**FILED**
NOV 27 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Anthony T. Moore Jr, and all others similarly situated

*Plaintiff/Petitioner(s)*

v.

Securus Technologies Inc.
Saint Clair County
Richard Watson Sheriff, Saint Clair County
Austin Everett, Commissary Supervisor, Saint Clair County Jail

*Defendant/Respondent(s)*

Case Number: 17-1285-JPG
(Clerk's Office will provide)

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

☑ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☑ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

## I. JURISDICTION

**Plaintiff:** Anthony T. Moore Jr

A. Plaintiff's mailing address, register number, and present place of confinement.

Anthony T. Moore Jr.
#446508
Saint Clair County Jail
700 N. 5th Street
Belleville, IL 62220

**Defendant #1:**

B. Defendant Securus Technologies, Inc. is employed as
(a) (Name of First Defendant)
Securus Technologies, Inc.
(b) (Position/Title)
with Securus Technologies, Inc.
(c) (Employer's Name and Address)
(Address Unknown) (Headquarters In Texas)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☐ Yes ☑ No

If your answer is YES, briefly explain:

_____

(Rev. 7/2010)                                    1

**Defendant #2:**

C. Defendant **Saint Clair County** is employed as

(Name of Second Defendant)

_____
(Position/Title)

with **Saint Clair County Jail, 700 N. 5th Street, Belleville,**
(Employer's Name and Address)
**IL 62220.**

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☒ Yes   ☐ No

If you answer is YES, briefly explain:
**Saint Clair County Jail**

**Additional Defendant(s) (if any):**

D. Using the outline set forth above, identify any additional Defendant(s).

Defendant #3:
Defendant, Richard Watson, is employed as the Sheriff of Saint Clair County with St. Clair County Jail, 700 N. 5th Street, Belleville, IL 62220

(See Attached For Additional Defendants)

(Rev. 7/2010)  2

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment? ☒ Yes ☐ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

1. Parties to previous lawsuits:
   Plaintiff(s): Anthony T. Moore Jr.

   Defendant(s): Matthew Scott, et al

2. Court (if federal court, name of the district; if state court, name of the county): US District Court - Southern District of Illinois

3. Docket number: 3:17-CV-0153-JPG

4. Name of Judge to whom case was assigned:

5. Type of case (for example: Was it a habeas corpus or civil rights action?): Civil Rights Action

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Still pending

7. Approximate date of filing lawsuit: 10/28/~~2018~~ 2017

8. Approximate date of disposition: N/A

— See also Moore v. Phillips et al
Case # 3:17-CV-01143-DRH
US District Court - Southern District of Illinois
Still pending
filed: 10/23/2017

(Rev. 7/2010)

III. **GRIEVANCE PROCEDURE**

    A. Is there a prisoner grievance procedure in the institution? ☑ Yes ☐ No

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☑ Yes ☐ No

    C. If your answer is YES,
        1. What steps did you take? I attempted to obtain a complaint form from one of the block officers; however, the jail has been completely out of requests, complaints, and grievances for over an entire month, since around 9/20/2017. I complained verbally about the issue.

        2. What was the result? Nothing — the jail has been out of complaints and grievances for over a month so I'm only left to "verbally" grieve about the issue.

    D. If your answer is NO, explain why not.

    E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

    F. If your answer is YES,
        1. What steps did you take?

        2. What was the result?

    G. If your answer is NO, explain why not.

    H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

(Rev. 7/2010)         4

①

## IV. STATEMENT OF CLAIM

A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

### I. Jurisdiction And Venue

1. This is a civil action, brought pursuant to 42 USC 1983, to redress the deprivation of rights under color of state law, secured by the Constitution, laws, and treaties of the United States. This court has jurisdiction pursuant to federal question, 28 USC 1331. This court's diversity of citizenship jurisdiction is pursuant to 28 USC 1332, as defendant Securus Technologies is located/headquartered in Texas. Plaintiff's state law constitutional claims are authorized under the Illinois Constitution. Plaintiff brings a state law claim(s) pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505. Plaintiff brings a claim of unjust enrichment under Illinois State law. Plaintiff brings a claim of fraud under Illinois State law. Plaintiff brings a claim of civil conspiracy under Illinois state law. Plaintiff's claims under the Federal Telecommunications Act ("FCA") are authorized by 47 USC 201(b) and 206. Plaintiff seeks declaratory relief pursuant to 28 USC 2201 and 2202. Plaintiff seeks injunctive relief pursuant to 28 USC 2283, 2284, and Rule 65 of the Federal Rules of Civil Procedure. This court is an appropriate venue under 28 USC 1391.

### II. Additional Claims

2. Plaintiff brings a claim under the Racketeering Influenced Corrupt Organizations ("RICO") Act, against Securus Technologies, Inc., Saint Clair County, Sheriff Richard Watson, and Austin Everett, pursuant to 18 USC 1964(c).

3. To the extent there is a local, state, and/or federal law (or laws), that allow Securus Technologies to charge inmates taxes on outgoing prepaid calls, plaintiff brings a constitutional challenge to said law(s) under the United States Constitution's Fourteenth Amendment Due Process of Law, and the Illinois Constitution Due Process Clause, because said laws DO NOT put inmates on "notice" that outgoing prepaid calls are subject to a tax, nor describe in particular, how much phone calls are after tax, the tax rate, the method of computing any said tax, etc. To the extent that Securus Technologies, Inc is charging inmates tax on outgoing prepaid calls, and there are NO local, state, or federal laws authorizing Securus Technologies Inc. (or any other telecommunications provider(s)) to charge inmates tax, this represents a violation of the Taking's Clause of the Illinois Constitution and US Constitution. Plaintiff also brings a claim against Securus under the Sherman Antitrust act, for its illegal monopolizing activities.

### III. Parties

4. Defendant Securus Technologies, Inc., is a telecommunications provider whose address is unknown to the plaintiff. Address unknown, but possibly headquartered in Texas).

(Rev. 7/2010)   5

5. Defendant, Saint Clair County, is located at 700 N. 5th Street, Belleville, IL 62220.

6. Defendant, Richard Watson, is the Sheriff of Saint Clair County. Address: 700 N. 5th Street, Belleville, IL 62220.

7. Defendant, Austin Everett, is the Cashier/Commissary Supervisor at the Saint Clair County Jail. Address: 700 N. 5th Street, Belleville, IL 62220.

8. Each defendant is being sued in his individual capacity for monetary damages, except for Saint Clair County. Defendant, Saint Clair County is being sued in its official capacity for monetary damages, pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978) ("Monell" claim), and under state and federal law. Securus Technologies is being sued for damages under federal and state law.

## IV. Statement Of Claim

9. Plaintiff, Anthony Tyrone Moore Jr., is an inmate currently detained at the Saint Clair County Jail in Belleville, IL. Plaintiff is being detained at the jail, on a "state writ," because his conviction in St. Clair County Court was recently vacated by the Illinois Court of Appeals-Fifth District. See People of the State of Illinois v. Anthony Moore Jr, 2016 IL App. (5th) 130466-U (7/26/2016).

10. One of plaintiff's first encounter with law enforcement as an adult was in 2012, when plaintiff was placed in the jail on 2 counts of aggravated battery with a firearm and attempted first degree murder. See People of the State of Illinois v. Anthony Moore Jr, Circuit Court of St. Clair County, Case # 12-CF-1826. Plaintiff's complaint concerns events after his placement in the St. Clair County Jail in 2012, although he had used services provided by Securus (previously known as Evercom) prior to 2012.

11. Richard Watson is the Sheriff of St. Clair County, and Austin Everett is the Cashier/Commissary Supervisor for the St. Clair County Jail. Watson sets policy at the jail, amongst other things, and is responsible for procuring contracts for services to be provided to inmates, to include food services and telecommunications services. Austin Everett, the Commissary supervisor at the jail, is also responsible for the jail's contracts with Securus, Aramark Food Services, and Keefe Commissary Network. He, like Watson, is the direct line of contact with Keefe, Securus, and Aramark Food Services, is responsible for managing the "kickbacks" ("commissions") the jail receives for providing a contract to Securus Technologies, negotiates pricing, and responsible for ensuring that the "taxes" inmates are charged per call (inmates are charged a 'local, state, and federal tax' per call) are deposited into the jail's account. The "taxes" inmates are charged per call, are placed into a fund used to pay/support local ambulance services, firefighters pension funds, police officers retirement funds, etc, as well as bonuses to officers serving on the St. Clair County Drug Task Force.

## V. A History of Securus Technologies, Inc.

12. For years, Securus Technologies, Inc, operated under the name "Evercom Systems, Inc." To be more specific, Securus was formed through the 2004 acquisition of Evercom Systems, Inc and T-Netix, Inc. Securus Technologies, Inc, formerly Evercom, has provided telecommunications services to inmates in not only county jails throughout America, but also state prisons as well. No Securus services are provided to inmates in the custody of the Federal Bureau of Prisons, i.e., inmates in federal prisons. The Federal Bureau of Prisons operates as its own telecommunications service provider.

13. According to the plaintiff's own research, Securus has 'contracts' with about 60% of the correctional facilities in the United States (by 'correctional facilities,' plaintiff means county jails/detention facilities and state prisons)(excluding the Federal Bureau of Prisons), and other telecommunications service providers such as Combined Public Communications ("CPC") and Global Tel Link ("GTL") provides inmate calling services ("ICS") to the other 40% of American correctional facilities. Securus uses an internet protocol format to provide inmate calling services, commonly known as "Voice Over Internet Protocol" ("VOIP").

14. Securus, like the other previously mentioned telecommunications services providers of inmate calling services, does NOT provide telecommunications services to the public. Their services are provided only to inmates and/or their families. Although Securus is supposed to engage in a fair bidding practice for contracts to provide inmate calling services to correctional facilities, it has become a monopoly by offering bribes, money, and illegal kickbacks to sheriffs/county jails/correctional facilities throughout America. Specifically, in order to obtain contracts, exclusive contracts, to provide inmate calling services at correctional facilities throughout the United States, Securus promises jails "kickbacks" or "site commissions", i.e., a percentage of the profits from inter and intra-state calls made by inmates, and then exploits these 'monopolies' by charging unjust and unreasonable rates for BOTH intra and interstate calls, to inmates who make the outgoing calls, and their families who receive the calls, all in violation of the Federal Communications Act ("FCA"), state law(s) prohibiting unjust enrichment, state and federal law(s) prohibiting fraud, state laws prohibiting deceptive business practices etc.

### VI. Intrastate And Interstate Calling Rates By Securus And Taxes On Outgoing Calls

15. Outside of jail, a 15 minute phone call, made at a payphone, to an interstate telephone number, would be about 50¢ for that 15 minutes, and the same would apply to a phone call made to an intrastate number, i.e., an in-state telephone #. That comes to around 3¼¢ per minute for a 15 minute phone call. By contrast Securus, and every other provider of inmate calling services, charges inmates at local county jails at least 20¢ per minute for a 15 minute phone call (most county jails and detention facilities limit phone calls to 15 minutes at a time), and then purports to charge inmates a "local, state, and federal" tax on each and every phone call, despite the fact that, to the best of the plaintiff's knowledge, and his legal research, Illinois state law, and federal law, does NOT allow inmates to be taxed locally, on a state, and/or federal level, for outgoing calls, PER CALL (emphasis added). As a matter of fact, in all of the years plaintiff has been using payphones, cellphones, and home phones, he has NEVER been charged a tax on each and every outgoing phone call he has made, whether from a cellphone, home phone or pay phone.

16. As plaintiff stated previously inmates at county jails throughout the United States are charged at least 20¢ per minute for out of state calls, plus 'tax'. However, Securus engages in further fraud, by charging inmates as much as 10 times per call for intra-state calls, than inter-state calls. Normally, outside of jail, a 15 minute phone call to a local number would be cheaper than a call to a long-distance phone number. This is so even in state prisons. For instance, Securus provides the same services to county jails, to state prisons. In prison, it only cost plaintiff $3.95 for a 30 minute phone call to an intrastate phone #. That amounts to about 13¼¢ per minute for ANY call made to any Illinois number (217, 618, 773, etc.). By contrast, if an inmate in St. Clair County Jail were to make a 15 minute phone call to an intrastate phone #, Securus charges a $4.11¢ 'intrastate call fee', and then 59¢ per minute for 15 minutes, leading to a whopping $12.96 for a 15 minute call. A 15 minute interstate (out of state) call from St. Clair County jail to ANY number not an Illinois number is about 21¢ per minute, and no 'interstate call fee' is charged to an inmate's account. Once 'local, state, and federal' taxes are added to the call, the call costs about 28¢ per minute for 15 minutes, for a total of about $4.20¢ for a 15 minute interstate phone call, 25¢ more than what plaintiff paid while he was at Menard Correctional Facility, but for only half the amount of time.

### VII. Prepaid Accounts, Collect Calls, Direct Debit Accounts, And Securus Prepaid Phone Cards - And Fraud

17. Securus Technologies, Inc., does NOT offer inmates in Illinois prisons the same services it offers/provides inmates at local county jails in Illinois. Inmates at St. Clair County Jail have several ways to make phone calls: (1) their families can call Securus at 1-800-844-6591, and create a 'prepaid' account, i.e., they can use a credit/debit card and open an account to pay for calls from an inmate; (2) An inmate's, or inmates' families, friends, spouses, etc., can choose to accept collect

call from an inmate, and have the cost of the call billed to their cellphone/home phone, assuming they have postpaid phone service; (3) they can transfer money from their 'commissary' or 'canteen' accounts to their 'phone account', i.e, a "Direct Debit" account, and pay for calls like that, and (4) if the jail they are housed at allows inmates to do it, inmates can purchase prepaid "phone cards" provided by Securus, via the inmate commissary ordering system.

18. When inmates' families call Securus Technologies, Inc, they are connected, presumably, to a customer service representative, who guides them through the process of setting up an account. Once the representative gathers personal information, he/she then takes debit/credit card info. With a prepaid account, the person setting up the account for the inmate is allowed to provide no more than 5 numbers to Securus for the inmate to call. Although the plaintiff believes it is 3 numbers, plaintiff will say 5 to err on the side of caution. With that, an inmate will only be allowed to call those 3 numbers on the prepaid account. The person setting up the account can put, as far as plaintiff knows, as much money as he/she wants on the prepaid account. However, Securus charges the depositor either (1) a $10-$20 fee to create the prepaid account, or (2) a fee, that is equal/a percentage of the money being deposited into the account. If $1000 is deposited into an inmate's account, Securus might charge 5% or $50.00 to deposit the funds. However, once the inmate depletes the funds on the account, the person who created the account is required to create yet another account, rather than being allowed to keep the account that was already set up. Because of this practice, Securus has raked in billions of dollars in fees. Not only that, some depositors have reported that they were "double charged" by Securus, for a deposit fee, even after creating an account. Securus has become unjustly rich because of this illegal practice.

19. Securus Technologies, Inc, also allows inmates to make collect calls to recipients who have postpaid service, i.e, they pay a bill/receive a bill every month from their telephone service provider. Many inmates' families have reported that Securus has billed them multiple times for the same call. In fact, Securus has a policy of billing inmates' families numerous times for the same collect phone call. When people try to call Securus to straighten out the issue, they are hung up on, lied to, and misdirected. In the end, the billing errors are never corrected. Securus has become unjustly rich because of this practice.

20. With direct debit accounts, inmates @ jails that have the direct debit feature with Securus, are allowed to transfer funds directly from their commissary/canteen accounts to their phone accounts, and make phone calls like that. The previously described rates still remain the same, and 'taxes' are charged for phone calls.

21. Lastly, although not at St. Clair County Jail, at jails that offer them, inmates are allowed to buy prepaid phone cards, in increments of $20-$50.00. The rates, as previously described, remain the same. However, Securus offers no refund policy to the inmate, if the inmate is released or he is transferred to prison. The calling cards also do NOT have a local access # or telephone # for inmates to call if they have billing disputes. In fact, Securus does NOT (unlike Combined Public Communications) have a # that inmates at county jails/detention centers in Illinois can call to speak directly to a Securus representative, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq.

22. Furthermore, the prepaid phone cards provided to inmates at jails that provide them are NOT in compliance with ILCS 505/2TT, 815 ILCS 505/2TT, which states:
Section (d) - On and after July 1, 2005, no prepaid calling service provider or prepaid calling service reseller shall sell, or offer to sell prepaid calling service, to any Illinois consumer, either directly or through a prepaid card/prepaid calling service retailer, unless the following disclosures are made clearly and conspicuously:
(1) At a minimum, the following terms and conditions shall be disclosed clearly and conspicuously on the prepaid calling card if applicable:

(A) At a minimum, the full name of the Prepaid Calling Service Provider, as certified by the Illinois Commerce Commission;

(B) the toll free customer service #;

(C) an access # that is a toll free # or a number local to the prepaid calling retailer; and

(D) the refund policy or a statement that the refund policy is located on the packaging materials. Id.

23. Although "physical" phone cards are NOT provided to inmates via Securus, Securus is in violation of several other provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, because as a provider of inmate calling services, Securus is required to provide an access # that inmates can dial on the phones installed in jails, to resolve billing disputes. Securus does NOT do this.

## VIII. Allegations Against Securus

24. As plaintiff stated before, he arrived at the jail in 2012 on the previously mentioned charges, left the jail and went into the custody of the Illinois Department of Corrections, and came back to the jail in 2014 to answer to federal charges in the US District Court for the Southern District of Illinois, and went back to IDOC sometime in Oct 2014. Plaintiff was then brought back to the jail in May of 2016 on a state writ to answer to charges in St. Clair County. In July of 2016, plaintiff's convictions for attempted first degree murder and aggravated battery with a firearm were overturned by the Illinois Court of Appeals, Fifth District, and plaintiff has remained at the jail since 2016. The instant allegations against Securus date back to 2012.

25. In 2013, when plaintiff arrived at the jail, he had his family members set up multiple pre-paid accounts for him, so he could communicate with them. At the time the accounts were setup, the plaintiff, nor his family, were informed by defendant Watsons and Everett, that taxes would be added to outgoing phone calls made by him to outside recipients. Securus, as stated before, obtained an exclusive contract from Watson, St. Clair County, and Everett, to provide inmate calling services to inmates at the St. Clair County Jail. The contract is so exclusive that it prohibits the jail from even entering into a contract with anyone but Securus. However, plaintiff found out that defendants Watson and Everett required, via St. Clair County, that they be given "kickbacks, bonuses, and "site commissions", i.e., a percentage of the profits/revenue from inmate phone calls, in exchange for the contracts. The jail requires anywhere between 60%-70% of the total revenue from phone calls be given to the jail. To recoup a percentage of the revenue given to the jail, Securus then came up with a scheme, in conjunction with Everett, Watson, and St. Clair County, that required it to 'tax' inmates for every outgoing phone call, bill and double bill depositors 'deposit fees' for setting up prepaid accounts, and charge inmates excessive and oppressive rates for BOTH intra-state and inter-state phone calls (intra and interstate phone calls).

26. As plaintiff stated, his family and friends were forced to create multiple accounts with Securus, individually, and once the money in each friend/relative's individual Securus account was depleted by plaintiff, rather than simply allow plaintiff's family/friends to replenish the account with little to no fee, Securus informed plaintiff's family/friends that "new" accounts needed to be created and charged the depositors yet another 'deposit fee' between $10-$20, or a percentage of the amount of money deposited into the account. As a result, some of the plaintiff's family and friends either had to get second jobs, and/or cut off all communication with the plaintiff. As a result, plaintiff has suffered extreme psychological distress/harm due to the inability of not being able to talk to his family.

27. Furthermore, Securus has become unjustly enriched by plaintiff and other inmates at the jail by conspiring with Watson and Everett to charge inmates oppressive and unjust rates for both inter and intrastate calls, as plaintiff stated in Paragraphs 15-16, Securus charges plaintiff and other inmates a $4.11 "intrastate call fee" to make an intrastate call, then 59¢ thereafter for each minute. A 15 minute call to a loved one in Illinois costs around $13.00. By contrast, a 15 minute phone call to an out of state # costs about $4.20¢. Outside of jail, a 15 minute phone call to a long distance # would cost about $0.75¢ to $1.00 from a payphone, and no local, state, or federal taxes are charged. A call to a local # from a payphone, for 15 minutes would be about 50¢.

28. In order to cover the costs of the kickbacks ("site commissions") Securus pays to county jails, including St. Clair County Jail, defendants Watson and Everett, Securus charges inmates patently and obviously unjust and unreasonable and oppressive rates for inter and intrastate phone calls, and charges (and charged plaintiff's family/friends) individuals who set up prepaid accounts unjust, unreasonable, and oppressive fees that unreasonably exceed (and exceeded) the costs of processing deposits into prepaid accounts. This unjust practice, and practices, upon information and belief, have gone on for over 25 years, even when Securus was named 'Evercom'. As a result, Securus has defrauded inmates and their families out of hundreds of millions of dollars by charging oppressive rates for inter and intrastate outgoing phone calls, illegally billing (and double billing) recipients of collect calls from inmates, charging inmates 'local, state, and federal' taxes on outgoing phone calls, when even members of the public are not even charged taxes when they make calls from their home phones and cellular (wireless) phones. As plaintiff stated before, the practices of Securus have cost plaintiff and his family thousands, and thousands of dollars, and has resulted in plaintiff not being able to communicate with his family, i.e., loss of social contact with loved ones, his 2 children, the mother of his children, and others. The illegal practices previously mentioned are the result of a conspiracy between Sheriff Richard Watson, Austin Everett, St. Clair County, and Securus Technologies. Although plaintiff does NOT know and cannot give exact dates plaintiff believes that the defendants reached a mutual agreement to engage in the practices plaintiff described, and that there was a "meeting" of the minds" between the defendants. Furthermore, it is plaintiff's belief that Securus has violated certain provisions of the Racketeering Influenced Corrupt Organizations Act ("RICO"), by engaging, over the last 25 years, in a pattern of racketeering, by illegally double billing depositors deposit fees to set up prepaid accounts, charging inmates oppressive rates for intra and interstate calls, in violation of the Federal Communications Act, and Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq ("ICFDBPA"), and by paying kickbacks and/or site commissions not only to jails in exchange for a monopoly on contracts to provide inmate calling services, but to administrative staff such as Richard Watson and Austin Everett, who have collected kickbacks from Securus and/or its representatives. This would otherwise be bribery under federal law. Plaintiff seeks nominal, compensatory, punitive damages, and damages on his other claims.

## IX. Legal Claims

29. Plaintiff, Anthony Tyrone Moore Jr, contends that Securus Technologies, Inc., St. Clair County, Sheriff Richard Watson, and Austin Everett, have all violated provisions of the Racketeering Influenced Corrupt Organizations Act ("RICO") by illegally engaging in a pattern of racketeering activity, as defined in 18 USC 1961 (5), by (1) illegally double billing depositors (friends, family, etc, of inmates at St. Clair County Jail and other correctional facilities throughout the United States) for prepaid accounts as plaintiff previously stated, which constitutes 'fraud' under federal and state law, (2) violating the Sherman Antitrust Act by engaging in illegal monopolizing activity, i.e. bribing correctional facilities for exclusive contracts to provide inmate calling services at said jails/prisons, in an effort to take

(1)

over the market for inmate calling services, as previously stated, and (3) bribing correctional facilities (and defendants Everett and Watson in particular) and administrative staff at those facilities via illegal kickbacks so that contracts could be given to Securus, and money/gifts be given to the defendants Watson and Everett, in exchange for contracts.

30. 18 USC 1962 states — "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or the collection of unlawful debt." Id. 18 USC 1964(c) states — "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States District Court and shall recover threefold the damages he sustains and the costs of the suit, including a reasonable attorney's fee." Id.

31. Plaintiff's racketeering claim is brought, pursuant to 18 USC 1964(c), against Securus Technologies, Inc., St. Clair County Jail, defendants Everett, and Watson, for the conduct described in the complaint. As plaintiff stated, Securus (formerly Evercom) has operated in county jails/detention facilities, and state prisons throughout the United States, for over 25 years. In order to monopolize on inmate calling services, Securus has engaged in illegally bribery by paying correctional facilities and staff at those facilities, bonuses, kickbacks, etc, in exchange for exclusive contracts. In addition, Securus has committed fraud under state law during the time period mentioned by billing depositors credit and debit cards, multiple times, for one transaction, and for charging depositors transaction fees that unreasonably exceeded the cost of processing deposits into prepaid accounts. Furthermore, Securus has engaged in fraud by charging inmates local, state, and federal taxes on outgoing phone calls when in fact, to the best of plaintiff's knowledge, there is no local, state or federal law that authorizes Securus to do this. The "taxes" collected are then deposited into local funds set up for firefighters and policemen, and those civil servants are allowed to withdraw from those funds. In addition, the "taxes" collected are also used to support local drug task forces/narcotics squads, created by St. Clair County. Both Everett and Watson receive individual bonuses, gifts, and kickbacks from Securus as part of a pattern of racketeering activity. These defendants continue to engage in racketeering, in violation of RICO.

32. Plaintiff brings a claim, against Securus Technologies, Inc, and alleges that Securus has violated the Federal Communications Act, 47 USC 201(b), 202, and 206, by charging oppressive, unjust and also unreasonable rates to users of inmate calling services (which includes NOT ONLY inmates, but also their friends, family, spouses, etc), including the plaintiff, and by taking advantage of plaintiff and other similarly situated individuals, discriminating against plaintiff and other inmates, i.e. a "class" of protected individuals, in violation of 47 USC 201(b), 202, and 206. Plaintiff also contends that Securus Technologies, Inc, St. Clair County Jail, Sheriff Richard Watson, and Austin Everett, have all unjustly enriched themselves by "taxing" inmates who make phone calls and by charging oppressive and unjust rates for intrastate and interstate phone calls. Plaintiff brings, also, a claim of unjust enrichment under Illinois State law, against the named defendants.

33. 47 USC 201(b) states in part: "All charges, practices, classifications, and regulations, for and in connection with such communications service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful, et seq". 47 USC 202 — Discrimination And Preferences — states in part (a): (a) Charges, Services, etc — "It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality, to any undue or unreasonable prejudice or disadvantage." Id.



34. 47 USC 206 creates a cause of action against any carrier who violates sections 201, 202, etc, of the Federal Communications Act. Plaintiff, thereby brings his claims against Securus Technologies, Inc, under 47 USC 206, for charging inmates, and their families, and plaintiff, unjust, unreasonable, and oppressive rates for intrastate and interstate phone calls, double billing depositors for setting up prepaid phone accounts and charging them oppressive and unjust fees for doing so, and refusing to refund depositors' monies for said fees, and for, inter alia, charging plaintiff and other similarly situated inmates 'taxes' on outgoing phone calls, even though not authorized to do so under ANY local, state, or federal law.

35. Plaintiff brings a common law claim of unjust enrichment against Securus Technologies, Inc., St. Clair County Jail, Richard Watson, and Austin Everett, under Illinois law. Plaintiff contends that these defendants have become unjustly enrich by committing fraud under Illinois law, and by violating Sections 201(b), and (202) of the Federal Communications Act, and that St. Clair County Jail, Sheriff Richard Watson, and Austin Everett have become unjustly enrich under Illinois law, by accepting illegal kickbacks, 'bonuses,' gifts, and gratuities from Securus, in exchange for exclusive contracts to provide inmate calling services at correctional facilities throughout the United States. Plaintiff contends that the defendants have unjustly retained a benefit, i.e, money, kickbacks, contracts, etc., to the plaintiff's detriment, and to the detriment of other similarly situated defendants, and that Securus's retainment/retention of the profits from its illegal activities, as well as defendants Watson and Everett's retention of the benefits they are receiving from their illegal activities, violates the fundamental principles of 'justice, equity, and good conscience.'

36. Plaintiff also contends that defendant Securus Technologies, Inc., has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq, when it (1) charged plaintiff and other inmates similarly situated unjust, unreasonable, and oppressive rates for intrastate and interstate phone calls made via the Securus phones, (2) charged, and continues to charge, inmates 'taxes' on outgoing phone calls even though not authorized to do so, (3) charged, and continues to charge, plaintiff's family and other inmates' families prepaid account 'deposit fees' that are excessive and unjust, and also double-billing inmates' families for collect calls made by inmates, (4) required/requires depositors to set up a 'new' prepaid account for an inmate(s) once the inmate depletes the funds in that account. Plaintiff therefore brings a cause of action against Securus Technologies, Inc, pursuant to 815 ILCS 505, et seq.

37. Plaintiff brings a civil conspiracy claim against Securus Technologies, Inc, Richard Watson, Austin Everett, and St. Clair County Jail. Plaintiff contends that Securus Technologies conspired, and/or agreed with St. Clair County, Richard Watson, and Austin Everett, to (1) illegally charge inmates local, state, and federal 'taxes' on outgoing phone calls, even though, to the best of plaintiff's knowledge no such laws exist, (2) to charge inmates, and plaintiff, oppressive, unjust, and unreasonable rates for intrastate and for interstate phone calls, and (3) to charge depositors (friends and families of inmates) excessive fees for depositing money into inmate prepaid phone accounts. Plaintiff has financially suffered because of defendants.

38. Plaintiff contends that defendant Securus Technologies, Inc., St. Clair County Jail, Richard Watson, and Austin Everett, have all violated his right under the Takings Clause of the Illinois Constitution and the Fourteenth Amendment to the US Constitution, by illegally taking money off of plaintiff's account, and other inmates' accounts, in the form of 'local, state, and federal taxes' charged to plaintiff's and other inmates' accounts, for outgoing phone calls, and by failing to provide plaintiff with adequate and just compensation. Plaintiff also contends that to the extent Securus acted at the direction of the State of Illinois, or St. Clair County, it is a "state" actor for the sole purpose of determining whether or not it had authority to charge the plaintiff and other inmates taxes on outgoing calls.

39. Plaintiff contends that Securus Technologies, Inc, St. Clair County, Richard Watson, and Austin Everett, violated his right under the Due Process Clause of the Fourteenth when they all deducted money from

the plaintiff's (and other inmates') commissary account, in the form of a "tax," on outgoing phone calls, without giving plaintiff "notice" as to how much the taxes were/are (assuming that defendants can legally charge plaintiff a tax on each and every outgoing call made), and an "opportunity to be heard."

40. Plaintiff brings a "Monell" policy claim for damages against St. Clair County for its unconstitutional policy of charging inmates an illegal "tax" on phone calls, in violation of the Fourteenth Amendments Due Process Clause. As plaintiff has stated before, St. Clair County has a policy and a custom of deducting "taxes" from inmates' commissary accounts, for outgoing phone calls, without giving inmates "notice" of said taxes, i.e., how much tax is to be added to each phone call, and what local, state, and federal laws authorize such a tax.

41. Plaintiff contends that defendant Securus Technologies, Inc, has violated the Sherman Antitrust Act ("antitrust law"), 15 USC 1, et seq, by engaging in efforts to monopolize telecommunications services provided to inmates, by paying bribes, kickbacks, and gifts to correctional facilities and their administrative staff, as Securus did in this case. Securus currently owns over 60% of the contracts in the United States for inmate calling services, and has exploited these monopolies by charging unjust and unreasonable rates to inmates who make inter- and intra-state phone calls. Plaintiff's cause of action is authorized by 15 USC 15(a).

X. Request For Relief

42. Wherefore, plaintiff respectfully requests this Court to grant him the following relief to which he may be entitled:
(a) A declaration that the acts and/or omissions of the defendants violated the Constitution, laws, and or treaties of the United States;
(b) All necessary preliminary injunctive relief;
(c) Nominal damages in the amount of $10.00;
(D) Compensatory/Actual damages in the amount of $430,000 to compensate plaintiff for his financial losses, pain, and suffering;
(E) Punitive damages against defendant in the amount of $1,550,000.00, as the defendants actions/inactions were motivated by "evil motive and intent" and "reckless and callous indifference" to the plaintiff's statutory and constitutional rights;
(F) Damages on the RICO claim in the amount of $1,600,000.00;
(G) Damages on the Antitrust claim in the amount of $1,400,000.00;
(H) Damages on the state law claims in the amount of $500,000.00;
(I) A jury trial on all issues triable by a jury;
(J) All other necessary and appropriate monetary and equitable relief.

/s/ Anthony Mboy Jr.

dated: 10-18-17

V. **REQUEST FOR RELIEF**

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

(A) A declaration that the acts and/or omissions of the defendants violated plaintiff's rights under the Illinois Constitution, and the US Constitution, laws and treaties of the United States;
(B) All necessary preliminary injunctive relief;
(C) Nominal damages- $10.00;
(D) Actual/Compensatory damages- $430,000;
(E) Punitive damages- $1,550,000.00;
(F) Damages on the RICO Claim- $1,600,000.00;
(G) Damages to resolve all State law claims- $500,000.00;
(H) Damages on the antitrust claim- $1,400,000.00;
(I) A jury trial on all issues triable by a jury;
(J) All other necessary and appropriate relief.

VI. **JURY DEMAND** (check one box below)

The plaintiff ☑ does ☐ does not request a trial by jury.

**DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on:_____        _____
            (date)                      Signature of Plaintiff

_____                    _____
   Street Address                          Printed Name

_____                    _____
   City, State, Zip                     Prisoner Register Number

                        _____
                        Signature of Attorney (if any)

(Rev. 7/2010)                    6

United States District Court
Southern District of Illinois

Plaintiff,
Anthony T. Moore Jr.,                    ) CASE NO. N/A
                                         )
-VS-                                     ) JUDGE. N/A
                                         )
Defendants,                              )
Securus Technologies Inc., et al         )

### Notice And Proof of Service

To: Clerk of Court, United States District Court, Southern District of Illinois, P.O. Box 249 East St. Louis, Illinois 62202.

1.) On November 8th 2017, I Anthony T. Moore Jr. sent ~~a complaint against Securus Tech Inc., et al~~ to the Clerk above, through the mailing process at St. Clair County Jail.

Declaration: I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

/S/ Anthony Moore Jr.
(Anthony T. Moore Jr.)

DATE: 11-8-17



Anthony Moore
700 North 5th Street
Belleville, Illinois 62220

CLERK
United States District Court
P.O. Box 249
East St. Louis, Illinois 62202

INMATE CORRESPONDENCE
ST. CLAIR COUNTY JAIL

RECEIVED
NOV 27 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE



LEGAL MAIL