IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, Jr., #446508, *and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17-cv-01285-JPG ) |
| SECURUS TECHNOLOGIES, INC., ST. CLAIR COUNTY, ILLINOIS, RICHARD WATSON, and AUSTIN EVERETT, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony Moore, Jr., brings this action to challenge the taxes and rates for inmate phone calls at St. Clair County Jail under 42 U.S.C. § 1983, the Sherman Act, the Federal Communications Act, the Racketeering Influenced Corrupt Organizations Act, and Illinois law. (Doc. 1). He seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, pp. 13-14). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on March 19, 2018. (Doc. 9). However, Plaintiff was granted leave to file a First Amended Complaint on or before April 16, 2018. *Id.* He was warned that the action would be dismissed with prejudice, if he failed to file it by that deadline. (Doc. 9, p. 8) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)). Plaintiff was also warned that he would receive a "strike" pursuant to 28 U.S.C. § 1915(g). *Id*.

The deadline for filing the First Amended Complaint expired more than a week ago. (Doc. 9). Plaintiff did not file a First Amended Complaint. He has not requested an extension of the deadline for doing so.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court (Doc. 9, p. 8) and failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal will count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to file a First Amended Complaint on or before April 16, 2018. (Doc. 9, p. 8). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The dismissal counts as one of his three allotted "strikes" within the meaning of § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the

appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 24, 2018**

s/ J. PHIL GILBERT
**District Judge**
**United States District Court**
